Electronically Filed
8/31/2021 10:12 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**Exhibit B**

CAUSE NO. **C-3551-21-E** _____

| | |
|---|---|
| **GRACIELA ESPINOZA** | IN THE DISTRICT COURT |
| v. | _____ JUDICIAL DISTRICT |
| **JUSTIN LANGLEY TRUCKING LLC AND BRANDON JAMES FORD** | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Now comes, Plaintiff Graciela Espinoza and files this, Plaintiff's Original Petition against Justin Langley Trucking LLC and Brandon James Ford, and for cause of action, will show as follows:

### DISCOVERY CONTROL PLAN

**1.** Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### PARTIES

**2.** Plaintiff Graciela Espinoza, is an individual residing in Edinburg, Hidalgo County, Texas.

**3.** Defendant Justin Langley Trucking LLC is a foreign limited liability company doing business in the State of Texas and may be served with process by serving its registered agent for service of process in Texas (as provided by the U.S. Department of Transportation, Federal Motor Carrier Safety Administration) <u>International Border Trucking Compliance Service Inc., 1519 Wyoming, El Paso, Texas  79902.</u> **Service of Citation is requested at this time.**

C-3551-21-E

4. Defendant Brandon James Ford is an is an individual doing business in the State of Texas, including at the time of the collision made the basis of this case, and who resides in Sidney, Nebraska. Defendant may be served with process through the Chairman of the Texas Transportation Commission pursuant to Tex. Civ. Prac. & Rem. Code § 17.062(a), which provides that "The chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or accident in which the person or his agent is involved while operating a motor vehicle in this state."  <u>The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., may be served at the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483</u>. Mr. Ford's last known address is <u>8981 Road 18, Sidney, Nebraska   69162</u>. **Service of Citation is requested at this time.**

## VENUE

5. Venue is proper in Hidalgo County, Texas because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

6. The Court has specific and general personal jurisdiction over the Defendants because they purposely availed themselves of the privilege of using the roadways of the state of Texas. Defendants are deemed to have submitted themselves to the jurisdiction of the Texas courts and have consented to being sued in them by using Texas roadways. Tex. Civ. Prac. & Rem. Code § 17.061, et. seq.; *Schaeffer v. Moody*, 705 S.W.2d 318, 321-22 (Tex.App.–San Antonio 1986, writ ref'd n.r.e.). Exercising jurisdiction over the Defendants does not offend the traditional notions of fair play and substantial justice.

Case 7:21-cv-00416 Document 1-3 Filed on 10/29/21 in TXSD Page 3 of 5

Electronically Filed
8/31/2021 10:12 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3551-21-E

## FACTS

7. Defendant Justin Langley Trucking LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

8. Defendant hired, qualified, and retained Brandon James Ford as a truck driver.

9. At all times relevant to this lawsuit, Defendant Brandon James Ford was acting in the course and scope of his actual and/or statutory employment with Defendant Justin Langley Trucking LLC.

10. On or about July 17, 2021, Graciela Espinoza was traveling north in the right lane on IH 69C/5200 N 25th Ave. in Edinburg, TX. Defendant Brandon James Ford was also traveling north on IH 69C/5200 N 25th Ave., but in the middle lane. Suddenly, Defendant Brandon James Ford turned right from the middle lane, in front of Plaintiff and collided with Plaintiff's vehicle. Plaintiff suffered injuries and damages as a proximate result of this collision.

## CAUSE OF ACTION

11. Defendant Brandon James Ford was negligent in the operation of the tractor-trailer.

12. Specifically, Defendant Brandon James Ford's negligence includes but is not limited to the following:

    12.1 failed to drive as a reasonable and prudent driver would have under the same or similar circumstances;

    12.2 failed to keep a proper lookout;

    12.3 failed to keep the vehicle he was driving under proper control;

    12.4 turned when it was not safe to do so;

    12.5 failed to check for traffic;

Case 7:21-cv-00416 Document 1-3 Filed on 10/29/21 in TXSD Page 4 of 5

Electronically Filed
8/31/2021 10:12 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3551-21-E

    **12.6**    failing to yield the right of way

**13.** As a direct and proximate result of this negligence, Plaintiff sustained personal injuries.

**14.** Defendant Justin Langley Trucking LLC is vicariously liable for the negligence of Defendant Brandon James Ford under the statutory employment doctrine as well as the doctrine of respondeat superior.

**15.** Based on the facts of this wreck, it appears that Defendant Brandon James Ford may have been fatigued, distracted, or driving in violation of the hours-of-service regulations. It further appears that Defendant Justin Langley Trucking LLC may have been negligent in its entrustment of a tractor-trailer to Defendant Brandon James Ford, and in the qualification, hiring, training, supervision, and retention of Defendant Brandon James Ford.

## DAMAGES

**16.** Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence.

    **16.1.**    Medical care, past and future;

    **16.2.**    Lost wages and earning capacity, past and future;

    **16.3.**    Physical impairment, past and future;

    **16.4.**    Physical pain, emotional distress, and mental anguish, past and future; and

    **16.5.**    Disfigurement, past and future.

**17.** Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.

**18.** Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00.

**19.** Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that due to the severe injuries and damages sustained, Plaintiff seeks monetary relief of over $1,000,000.

**C-3551-21-E**

20. Plaintiff requests a trial by jury and tenders the requisite fee.

**PRAYER**

21. For these reasons, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with pre-judgment interest, post-judgment interest, court costs, and all other relief to which Plaintiff is justly entitled.

                Respectfully submitted,

By:   *Laura Pazin Porter*
       Laura Pazin Porter
       Texas Bar No. 24032941
       COWEN | RODRIGUEZ | PEACOCK
       6243 W IH-10, STE 801
       San Antonio, TX 78201
       T (210) 941-1301
       F (210) 579-8968
       Email for Service: efilings@cowenlaw.com

**COUNSEL FOR PLAINTIFF**