IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GRACIELA ESPINOZA, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN LANGLEY TRUCKING LLC and <br> BRANDON JAMES FORD, <br><br> Defendants. | Civil Action No. 7:21-cv-416 |

**PLAINTIFF'S MOTION TO EXCLUDE BRIAN PIPER, PH.D.**

NOW COME, Plaintiff, Graciela Espinoza, and, pursuant to Federal Rule of Evidence 702 and the Parties' Scheduling Order, file this Motion to Strike/Exclude the Testimony of Defendants' Proposed Witness Brian Piper, Ph. D. In support thereof, Plaintiff respectfully show the following:

### I. SUMMARY OF MOTION

1. This lawsuit arises from a motor vehicle collision that occurred on or about July 17, 2021.

2. Plaintiff's First Amended Complaint alleges several causes of action against Defendants, including for gross negligence, negligence per se, and other various forms of direct and indirect negligence that resulted in injuries and damages to Plaintiff Graciela Espinoza.

3. On May 6, 2022, Defendants designated Brian Piper, Ph. D. as a retained expert.[1] Defendant identifies Dr. Piper as an "economist and medical billing expert" and will testify "related to the reasonable costs of past and future medical care, if any." Dr. Piper is expected to testify based on his skills, knowledge, education, experience, and training, his review of records

---

[1] *See* Exhibit 1- Defendants' Expert Designation, *see also* Exhibit 2 – Brian Piper, Ph. D.'s Expert Report

and materials in this case." *Id.*

4. The deposition of Dr. Piper was on August 30, 2022.

5. Plaintiff now objects and request that the Court Strike/Exclude Dr. Piper's expert report and opinions/testimony related to his opinions regarding his analysis of charges for medical care provided to Graciela Espinoza because Dr. Piper's opinions lack a reliable foundation and do not have a sufficient basis or foundation, and/or are speculative, are misleading and will confuse the jury. The opinions should thus be prohibited by the Court.

## II. ARGUMENT AND AUTHORITY

6. Federal Rule of Evidence 702 establishes the standards for admissibility of expert testimony to assist a trier of fact in understanding evidence or determining a fact issue. In determining whether expert testimony is reliable and relevant, the district court's role in applying Rule 702 is that of a gatekeeper. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 597-598 (1993).

7. In determining whether to allow expert testimony, the Court must first decide whether the witness is qualified as an expert by knowledge, skill, experience, training, or education. *See Moore v. Ashland Chemical, Inc.*, 126 F.3d 679, 684 (5th Cir. 1997). A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a particular subject. *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999).

8. If a witness is qualified to testify, the court must then determine whether the proffered testimony is both relevant and reliable. "The expert testimony must be relevant, not simply in the sense that all testimony must be relevant, FED. R. EVID. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue. *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)(citing *Daubert*, 509 U.S.

at 591-592).

9. To be relevant, the proposed testimony must be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Robinson*, 923 S.W.2d at 556; *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985), quoted in, *Daubert*, 509 U.S. at 591 (expert testimony must be sufficiently tied to the facts of the case to aid the jury in resolving a factual dispute).

10. As to reliability, Rule 702 only authorizes the admission of expert testimony when "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 402. Expert testimony requires more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

11. "Reliability" depends upon the soundness of the expert's methodology and must be based on facts that have some support in the evidence. *Robinson*, 923 S.W.2d at 557. "When an expert's opinion is based on assumed facts that vary materially from the actual, undisputed facts, the opinion is without probative value and cannot support a verdict or judgment." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *see also Merrell Dow Pharmaceuticals, Inc. v. Havner* 953 S.W.2d 706, 714 (Tex. 1997) ("If the foundational data underlying opinion testimony are unreliable, an expert will not be permitted to base an opinion on that data because any opinion drawn from that data is likewise unreliable."). In *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1330-31 (5th Cir. 1996) (citing *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994)) the Fifth Circuit found that the district court properly excluded portions of an expert's testimony because it was based on "altered facts and speculation designed to bolster [the party's] position." *Id.* at 1331. The court reasoned that "[e]xpert evidence based

on a fictitious set of facts is just as unreliable as evidence based upon no research at all. Both analyses result in pure speculation." *Id.* Expert evidence should therefore be excluded, even if it is based on accurate calculations that adhere to scientifically reliable methodology, if it is derived from erroneous data or speculative assumptions. *See id.* at 1330-31 & 1330 n.10 (noting that the district court did not doubt the accuracy of or methodology behind the expert's calculations but affirming the district's court exclusion of his testimony as it was based on speculation). In other words, "[r]eliability means that the expert opinion is based on and supported by what is real and known." *El Aguila Food Prods., Inc. v. Gruma Corp.*, 301 F.Supp.2d 612, 623-24 (S.D. Tex. 2003).

12. Furthermore, an expert opinion must not be conclusory; the expert must disclose the basis of the opinion, at least when the opinion is challenged. "A jury verdict cannot rest solely on an expert's bottom-line conclusion, without some underlying facts and reasons, or a logical inferential process to support the expert's opinion." *Sullivan v. Nat'l Football League*, 34 F. 3d 1091, 1105 (1st Cir. 1994). Finally, the expert's assumptions must be supported. The assumptions of the expert must be assumptions the expert can vouch for or that are supported by the evidence. *See Burroughs Wellcome Co., v. Crye*, 907 S.W.2d 497 (Tex. 1995).

A. **DR. PIPER'S REPORT AND OPINIONS/TESTIMONY ARE CONFUSING AND WILL NOT ASSIST THE JURY.**

13. Dr. Piper was retained by Defendants as a "economist and medical billing expert". However, Dr. Piper's report and testimony is confusing and will not assist the jury.

14. Dr. Piper relies on irrelevant Medicare and Medicaid rates published by the Center for Medicare and Medicaid Services. It is important to note, Ms. Espinoza is not a Medicare patient, did not have continued access Medicaid and does not have health insurance.Further, Dr. Piper relies on medical billing data from within his own company (RPC Whitepaper on Determining

UCR and Charges and RPC Whitepaper on Practitioner UCR Database). This data is being recycled within Research and Planning Consultants, LP without being peer-reviewed by any outside sources.

15. Accordingly, this Court should exclude and/or limit the opinions of Dr. Piper that relate to: costs of past and future medical care because Defendant cannot meet their burden of proving that Dr. Piper's testimony will assist the jury.

**B. DR. PIPER'S OPINIONS AS TO THE REASONABLE AND CUSTOMARY MEDICAL RATES ARE NOT RELIABLE, LACK A SUFFICIENT BASIS, AND/OR ARE PURELY SPECULATIVE.**

16. Dr. Piper's opinions are unreliable and based on nothing more than his subjective interpretation of the events surrounding the subject accident and do not assist the trier of fact to understand the evidence or to determine a fact issue - and must be struck and/or limited accordingly.

17. Dr. Piper's opinions do not have a sufficient basis or foundation. There is no evidence that Dr. Piper's opinions have been tested, peer reviewed, or are generally accepted in the scientific community.

18. Accordingly, this Court should strike the opinions of Dr. Piper as such opinions are not reliable, lack a sufficient basis, and/or are purely speculative.

19. Plaintiff would show that the deposition transcript from the deposition of Dr. Brian Piper has not yet been received and Plaintiff reserves the right to amend or supplement this Motion when the transcript becomes available.

### III. PRAYER

20. For the foregoing reasons, Plaintiff objects to the reliability of Dr. Piper's opinions and

conclusions and respectfully his testimony be excluded at the trial of this matter and that the Court prohibit the introduction of his opinions.

Respectfully submitted,

*/s/ Laura Pazin Porter*
Attorney-in-Charge
Texas Bar No. 24032941
S.D. Tex. ID No. 3599886
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (210) 579-8968
E-Mail for Service: efilings@cowenlaw.com

Of Counsel:

*/s/ Michael R. Cowen*
Texas Bar No. 00795306
S.D. Tex. ID No. 19967
COWEN RODRIGUEZ PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone No. (210) 941-1301
Facsimile: (210) 579-8968
Email for Service: efilings@cowenlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document has been delivered, to all counsel of record, via electronic filing on this 16th day of September, 2022.

Gregg R. Brown  
Jamie Giron  
GERMER BEAMAN & BROWN PLLC  
1501 South Mopac Expressway, Suite A400  
Austin, Texas 78746  
Email: grb-svc@germer-austin.com

               */s/ Laura Pazin Porter*